**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| KEETHAN MCDANIEL,<br><br>Petitioner,<br><br>v.<br><br>WAYNE LAPIERE, CENTRAL INTELLIGENCE AGENCY, FBI, GEORGIA MOB[], MEMPHIS MOB[], HAMILTON COUNTY JAIL, and CATOOSA COUNTY JAIL,<br><br>Respondents. | ) | No. 1:26-CV-185-TRM-CHS |

## MEMORANDUM & ORDER

Now before the Court are various filings from Petitioner, an individual who does not appear to have a home address,[1] in which Petitioner requests that this Court grant him relief under, among other things, 28 U.S.C. § 2241 (Docs. 1, 5, 17, 18, 19). Petitioner has also filed motions in which he appears to request, among other things, discovery and/or suppression of evidence against him (Docs. 4, 6, 7, 8, 9, 10), as well as a motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, the Court will **DISMISS** this action. As such, Petitioner's pending motions (Docs. 4, 6, 7, 8, 9, 10, 17, 18, 19) will be **DENIED as moot**.

A court may grant a writ of habeas corpus only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Federal courts must conduct an initial review of all habeas corpus petitions. 28 U.S.C. § 2243. This review requires the presiding judge to dismiss the petition without requiring a response "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

[1] Specifically, Petitioner sends the Court mail with a return address of "General Delivery, Chattanooga, TN 37407" (*See*, *e.g.*, Doc. 1, at 4; Doc. 19-2, at 1).

relief in the district court[.]" *See* Rule 4, Rules Governing Section 2254 Cases in the United States District (§ 2254 Rule(s)); *see also* § 2254 Rule 1(b) (permitting application of § 2254 Rules to § 2241 petitions).

As noted above, a federal court has jurisdiction over a habeas corpus petition only where the prisoner files the petition while he is "in custody" pursuant to the challenged judgment. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (providing that "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed" (citing *Carafas v. LaVallee*, 391 U.S.234, 238 (1968))). It does not appear that Petitioner was in custody pursuant to any judgment at the time he filed this action, as Petitioner listed his return address on the initiating petition as "General Delivery, Chattanooga, TN 37407" (Doc. 1, at 4). Moreover, nothing in Petitioner's relevant filings (Docs. 1, 5, 17, 18, 19) indicates that Petitioner is on parole for an unexpired sentence. *Jones v. Cunningham,* 371 U.S. 236, 242 (1963) (providing that a prisoner on parole was still "in custody" under his unexpired sentence).

But even if Petitioner qualified as being "in custody" pursuant to a criminal judgment at the time he filed this action, his filings seeking habeas corpus relief (Docs. 1, 5, 17, 18, 19) do not comply with Rule 2 of the § 2254 Rules. Specifically, Petitioner's filings do not comply with Rule 2(b), which requires a habeas corpus petition to "specify all grounds for relief" and "state the facts supporting each ground." Petitioner's filings also do not comply with Rule 2(c), which requires a habeas corpus petition to "substantially follow" the attached form or a form from the Court. Instead, Petitioner's relevant filings (Docs. 1, 5, 17, 18, 19) do not list any judgment that he seeks to challenge. His filings also mainly contain conclusory, unintelligible, and/or delusional statements and citations to and/or recitations of numerous different legal authorities, none of which plausibly indicate that Petitioner is in custody in violation of the Constitution or any federal laws. Additionally, nothing in Petitioner's filings suggests that he

has exhausted any claim for habeas corpus relief, as he must do prior to filing a federal habeas corpus petition. 28 U.S.C. §2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

Accordingly, the Court will dismiss the petition. As such, Petitioner's pending motions (Docs. 4, 6, 7, 8, 9, 10, 17, 18, 19) are **DENIED as moot**.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas corpus proceeding only if he is issued a COA, and a court may issue a COA may only where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made a substantial showing of any violation of his constitutional rights, and reasonable jurists would not debate the Court's finding that it is apparent from the face of the petition that Petitioner is not entitled to habeas corpus relief. Accordingly, a **COA SHALL NOT ISSUE**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**